UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES EARL PINKSTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:18-cv-03168-TWP-DLP |
| ) | |
| WARDEN, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

James Pinkston's petition for a writ of habeas corpus challenges his conviction in a prison disciplinary proceeding identified as NCF-18-06-0023. For the reasons stated below, this petition is **denied,** and this action is **dismissed** pursuant to Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts.*

Rule 4 provides that, upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." "[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). In other words, "a habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief." *Id.*

Typically, in the context of prison disciplinary proceedings, this means that in order to be considered "in custody," the petitioner must have been deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). When such a sanction is not imposed, the prison disciplinary officials are "free to use any procedures it chooses, or no procedures at all." *Id.* at 644.

Mr. Pinkston's petition and the documents attached to it indicate that he was not deprived of credit time or demoted in credit class as a consequence of his disciplinary conviction. Dkt. 1, Dkt. 1-1. Therefore, his petition does not challenge his "custody" for purposes of § 2254, and his petition for a writ of habeas corpus is **denied** pursuant to Rule 4.

Judgment consistent with this entry shall now issue.

**SO ORDERED.**

Date: 10/24/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES EARL PINKSTON
875297
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362